*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

AUBREY BERNARD BECKUM,

Defendant-Appellee.

UNPUBLISHED
November 10, 2022

No. 355260
Wayne Circuit Court
LC No. 19-004852-01-AR

Before: GARRETT, P.J., and O'BRIEN and REDFORD, JJ.

GARRETT, P.J. (*dissenting*).

I respectfully dissent. I would affirm the district court's decision not to bind over defendant Aubrey Beckum on the charge of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv).

The majority accurately recites the factual and legal background in this case. But I disagree that the district court abused its discretion by finding an absence of probable cause that Beckum committed the charged offense. "At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). "When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment." *Id*.

The district court reasonably found that the evidence presented at the preliminary examination was insufficient to establish probable cause on the element of constructive possession. At least 10 other people besides Beckum were found in the house where the cocaine was seized. While Beckum admitted to selling cocaine from that house for the past one or two weeks, Beckum's statement to Corporal Muhammad did not reference the cocaine found in the living room. As the district court noted, "there is nothing on this record that connects [Beckum] more so than any of those other ten people to *those narcotics*." (Emphasis added.) Constructive possession of narcotics can be joint, but there must still be a "sufficient nexus" linking each individual alleged to be in joint possession of the narcotics. See *People v Williams*, 268 Mich App 416, 420-422;

707 NW2d 624 (2005).  Had the prosecution presented at least one other fact about Beckum's connection to the specific cocaine, or the house itself, the prosecution likely would have satisfied its burden of establishing probable cause to believe Beckum committed possession with the intent to deliver less than 50 grams of cocaine.

The record as it stands, however, has too many gaps for me to conclude the district court abused its discretion by refusing to bind Beckum over.  It is true that the prosecution provided evidence establishing there was cocaine found in the same house as Beckum, that it was packaged for sale, and that Beckum admitted to selling cocaine from that location.  But the prosecution did not present evidence, other than speculation, that Beckum had "dominion or control" over the cocaine found in the house.  See *People v Konrad*, 449 Mich 263, 271; 536 NW2d 517 (1995).  The prosecution did not elicit any testimony or introduce documentary proof showing where Beckum was found in relation to the cocaine, where the other people in the house were found in relation to the cocaine, if Beckum lived at or had a property interest in the house, or if there was other identifying information related to Beckum found near the cocaine.  See *People v Abcumby-Blair*, 335 Mich App 210, 224-225; 966 NW2d 437 (2020).  In short, the district court reasonably concluded that the prosecution failed to carry its burden to establish probable cause that Beckum constructively possessed the cocaine at issue here.  Therefore, I would affirm the district court's bindover determination.

/s/ Kristina Robinson Garrett